**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4680**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

STEVIE PRINCE, JR.,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:14-cr-00397-NCT-1)

———————

Submitted:  May 31, 2016          Decided:  June 22, 2016

———————

Before GREGORY, FLOYD, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

George E. Crump, III, Rockingham, North Carolina, for Appellant. Kyle D. Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stevie Prince, Jr., appeals his conviction and 120-month sentence after pleading guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Prince's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Prince's sentence was procedurally and substantively reasonable. Prince has been notified of his right to file a pro se brief, but he has not filed one. We affirm.

We review Prince's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. We presume that a sentence within a properly calculated Sentencing Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant can rebut this presumption only "by

2

showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

After reviewing the presentence report and sentencing transcript, we conclude that Prince's sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, discussed the applicable § 3553(a) factors, and sufficiently explained its reasons for imposing the sentence Prince received. In addition, Prince has not made the showing necessary to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Prince, in writing, of the right to petition the Supreme Court of the United States for further review. If Prince requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Prince.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED